**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

YVONNE M. RENEKER,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF VETERANS
　　AFFAIRS,
　　　　　Agency.

DOCKET NUMBER
PH-315H-16-0146-I-1

DATE: July 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Yvonne M. Reneker, Dillsburg, Pennsylvania, pro se.

Alison M. Debes, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, a preference eligible, received an excepted-service appointment to the position of Registered Respiratory Therapist, GS-8, effective April 19, 2015, subject to completion of a 1-year trial period. Initial Appeal File (IAF), Tab 4 at 44. Prior to the completion of her trial period, however, the agency terminated the appellant effective December 11, 2015, due to alleged patient neglect. *Id.* at 33, 35. The appellant appealed the termination to the Board and requested a hearing. IAF, Tab 1 at 1-2. In the acknowledgment order, the administrative judge provided the appellant with jurisdictional notice of the requirements for establishing that she was an "employee" with Board appeal rights under 5 U.S.C. chapter 75.[2]  IAF, Tab 2 at 2-5. The administrative judge

---

[2] Although the appellant was a preference eligible appointed to the excepted service, the acknowledgment order provided the jurisdictional notice applicable to individuals in the competitive service. IAF, Tab 2 at 2-5, Tab 4 at 44. The initial decision cured the defective notice, however, by correctly informing the appellant of what she must do to establish jurisdiction as a preference–eligible "employee" in the excepted service and affording her an opportunity to establish jurisdiction on review. IAF, Tab 5, Initial Decision (ID) at 4; *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007).

ordered the appellant to submit evidence or argument within 15 days to establish why her appeal should not be dismissed for lack of a nonfrivolous allegation of jurisdiction. *Id. at* 5. The appellant did not respond within the specified time period or prior to the issuance of the initial decision.

¶3      In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). Specifically, he found that the appellant failed to nonfrivolously allege that she was an "employee" with appeal rights to the Board under 5 U.S.C. § 7511(a)(1)(B) because, as a preference eligible in the excepted service, she was required to have completed 1 year of current continuous service in the same or similar positions, but failed to show that she had done so. ID at 4. The appellant filed a petition for review of the initial decision, the agency responded in opposition to the petition for review, and she submitted a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4. On review, the appellant argues the merits of the termination action and reasserts that the agency discriminated against her because of her posttraumatic stress disorder (PTSD).[3] PFR File, Tab 1 at 4-5, 7, Tab 4 at 3.

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge her removal from the Federal service by filing an appeal with the

---

[3] The appellant also argues on review that the administrative judge erred by finding that she "did not respond within the 15 days" because she had 30 days to file an appeal with the Board. PFR File, Tab 1 at 5‑7. However, the appellant appears to be confusing the 15-day filing period to respond to the administrative judge's order on jurisdiction with the 30-day filing period to appeal an agency action to the Board. *See id.*; IAF, Tab 2 at 5. The administrative judge did not find that the appellant's appeal was untimely filed; rather, he stated that the appellant failed to respond to the jurisdictional order contained in the acknowledgment order within the 15 days allotted. ID at 2. We discern no basis to disturb this finding.

Board.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011); *see* 5 U.S.C. §§ 7512(1), 7513(d).  The definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" in an Executive agency.  5 U.S.C. § 7511(a)(1)(B)(i).

¶5      As the administrative judge correctly determined, the appellant has not satisfied the statutory requirements for showing that she is an "employee" with appeal rights to the Board.  ID at 4.  The appellant served less than 8 months in the position from which she was terminated—from April 19, 2015, to December 11, 2015—and she has not shown or alleged that she has prior service that could be tacked onto her current service.  IAF, Tab 4 at 33, 44.  Because she lacks 1 year of current continuous service in the same or similar positions, the appellant is not an "employee" under 5 U.S.C. § 7511(a)(1)(B) and the Board lacks jurisdiction over her appeal.  *Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 9 (2006).  Absent an otherwise appealable action, the Board also lacks jurisdiction over the appellant's discrimination claim based on her PTSD.  *See Maibaum*, 116 M.S.P.R. 234, ¶ 20.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court

has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.